JGSCHOTT, Chief Judge.
As plaintiff was seated in his automobile which was parked in a shopping center parking lot he was beaten with his own pellet gun by Louis V. Cochran. Plaintiff sued The Great Atlantic and Pacific Tea Company (A & P) for the injuries he sustained. The trial court granted A & P’s motion for summary judgment dismissing plaintiffs case. He has appealed. The issues are whether there are any genuine issues of material fact precluding summary judgment and whether under the undisputed facts of the case A & P breached any duty to plaintiff to protect him from this attack. We affirm.
On October 14, 1993, Ryan Toups, along with several acquaintances, drove to an A & P grocery located in Marrero. Ryan’s automobile was owned by his father, plaintiff, Hubert Toups, Jr. Ryan parked his vehicle in front of the A & P. Several of Ryan’s passengers entered the store while Ryan and his remaining acquaintances waited in the vehicle. During this time, several individuals, including defendants, Louis Cochran and Kelly Roberts, exited the A & P and proceeded to Ryan’s vehicle where a conversation occurred between these individuals and one of Ryan’s passengers. While these parties conversed, another |3vehicle pulled alongside Ryan’s vehicle. The driver of the second vehicle allegedly brandished a pistol out of his window; Ryan responded by removing a sawed-off pellet gun from under his seat. The driver of the second vehicle was allegedly unaware of this action.
Defendant, Cochran, took the pellet gun from Ryan and passed it among his group, eventually returning it to Cochran. Shortly after, Cochran allegedly began to beat Ryan in the face and chest with the gun, causing Ryan to lose an eye and incur various other injuries. In addition, the Toups’ vehicle was allegedly damaged.
Ryan Toups and Hubert Toups, Jr. filed suit for their damages against Louis V. Cochran, Kelly S. Roberts, A & P, and K & B Louisiana Corporation which also operated a store in the center. Plaintiffs alleged that K & B and A & P were liable because they failed to provide adequate security for the parking lot, failed to take affirmative action to protect the plaintiffs and their property when defendants should have known of the potential risk, failed to warn of the danger of injury, and disregarded prior similar inei- *142 dents. Put simply, plaintiffs contend that defendants breached a duty to protect plaintiffs from third party criminal acts. Plaintiffs also asserted an alternative claim against defendants, Cochran and Roberts, for intentional injury. Claims against these two defendants are irrelevant for the purposes of this appeal.
Both A & P and K & B filed answers denying plaintiffs’ allegations. A & P filed a motion for summary judgment asserting that it had no duty to warn the plaintiffs of a potential attack and had no duty to protect its customers from attack by a third party. The trial court granted the motion dismissing plaintiffs’ suit |4against A & P. It is from this judgment that plaintiffs appeal and argue that the trial court erred in granting summary judgment.
Plaintiffs argue that a genuine issue of material fact existed as to A & P’s constructive knowledge of the potential of a violent attack upon its patrons. In support of this proposition they assert that Cochran and his companions were noticeably intoxicated when they exited the A & P, and A & P employees must have observed this while they were in the store. Plaintiffs also assert that the general area where the store was located was a high crime area according to national statistics, and that this information was available to A & P; thus plaintiffs argue A & P had a duty to provide security.
Plaintiffs contend that A & P is strictly liable to them pursuant to LSA-C.C. art. 2317, which imposes a legal duty upon all persons to be responsible for things in their custody. For this theory to apply plaintiffs must prove that 1) the thing which caused damage was in the care and custody of the defendant, 2) the thing had a vice or defect which created an unreasonable risk of harm, and 3) the injuries were caused by defect. Delery v. Prudential Ins. Co. of America, 94-0352, 643 So.2d 807, 812 (La.App. 4 Cir. 9/29/94), writs denied, 94-2623, 94-2666 (La.12/16/94), 648 So.2d 393, citing Loescher v. Parr, 324 So.2d 441 (La.1975).Plaintiffs do not even allege liability under these factors much less offer evidence to support them. In short, Art. 2317 has no application to this case. This is a simple negligence claim under C.C.art. 2315, which imposes liability upon one who causes damage to another.
In a plurality opinion the majority of the judges in Dye v. Schwegmann Bros. Giant Supermarkets, Inc., 627 So.2d 688 (La.App. 4 Cir.1993); writ denied, 634 So.2d 401, reconsideration denied, 637 So.2d 154, agreed that a business is not the insurer of the safety of customers from third party criminal acts and has no duty to protect its customers from unforeseeable random crime. We cannot distinguish the present case from Dye where the business was exonerated from liability for the murder of a customer in the parking lot.
Plaintiffs cite Smith v. Walgreens Louisiana Co., Inc., 542 So.2d 766 (La.App. 4 Cir.1989) as “significant” authority, but that case fails to support their position. First, while the ease recognized the rule announced in Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984), that a business which invites the public must provide reasonably necessary safeguards against the predictable risk of assaults, it also recognized the exception to that rule when the plaintiffs injuries are caused by unforeseeable or unanticipated criminal acts of third parties. Smith, 542 So.2d at 767. Furthermore, Smith involved some special arrangement between the plaintiff and the business for the parking of plaintiffs car. Finally, had Smith been decided under the current law on summary judgment which now favors summary judgment, the result would probably have been an affirmation. C.C.P. art. 966(A)(2).
The evidence plaintiffs relied upon to defeat A & P’s motion for summary judgment was a study showing that the incidence of violent crimes in Marrero was four to five times the national average. This is far short of an indication that this specific parking lot was unusually dangerous. In any event, what happened in this ease, Ryan having a discussion with Cochran that led to Cochran’s beating Ryan |6with Ryan’s own gun was not reasonably foreseeable by anyone, not by A & P and not even by Ryan himself.
*143 Accordingly, the judgment appealed from is affirmed.
AFFIRMED.